CENTRAL TRUST CO. OF NEW YORK v. EAST TENNESSEE, V. & G. RY. CO. (MITCHELL, Intervenor).

(Circuit Court, N. D. Georgia. Feb. 25, 1888.)

1. FEDERAL COURTS—CONSTRUCTION OF STATE STATUTES—FOLLOWING STATE DECISIONS.

A decision by a state supreme court that a statute of the state making railroad companies liable for injuries caused to their employés by the negligence of coemployés does not apply to the case of an injury to an employé of a receiver operating a railroad under direction of a court of equity, is binding upon the federal courts.

2. RAILROAD RECEIVERS—LIABILITIES FOR INJURIES TO EMPLOYES—NEGLIGENCE OF COEMPLOYES.

The Georgia statute (Code, § 3036) making railroad companies liable for injuries caused to their employés by the negligence of coemployés does not apply to the case of an injury to an employé of a receiver operating a railroad under direction of a court of equity; and in such case the common-law rule is still in force. Henderson v. Walker, 55 Ga. 481, followed.

3. SAME.

An injury to a railroad employé by a dangerous structure placed too near the track is not an injury caused by negligence "in the running of trains," within the meaning of the Georgia statutes relating to the liability of railroad companies "as common carriers" (Code, § 2083), or within the act of 1876, providing for payment of claims out of income in the hands of a railroad receiver.

4. SAME—VIOLATION OF RULES.

A railroad employé injured by being brought in contact with a structure at the side of the road while standing on the side of a car instead of on top thereof, where the company's rules required him to be, cannot recover damages for the injury.

This was a petition of intervention filed by Lane Mitchell in the case of the Central Trust Company of New York against the East Tennessee, Virginia & Georgia Railway Company, whereby he seeks to recover from Henry Fink, receiver of said company, damages for injuries received while in the employment of said receiver. Verdict for intervener. Motion for new trial.

Hoke Smith and Burton Smith, for intervener.

Bacon & Rutherford and Mynatt & Carter, for the receiver.

NEWMAN, District Judge. This motion has been elaborately argued, and carefully prepared briefs have since been furnished me by counsel on both sides. I do not clearly see how one question which was argued at considerable length is in this case, namely, as to whether the statute of Georgia which makes an employer liable for an injury to one employé by the negligence of a coemployé is applicable to a suit against a receiver of a court operating a railroad. While it is true that the question of the liability of the employer to an injured employé by the negligence of a coemployé, and the question of the liability of the employer for injuries received from dangerous structures and the like, erected by the employer, grew out of the same general principle originally,—that the servant assumed the natural and obvious risks of the master's service,—yet the two branches of the subject, viz. fellow servants' negligence and dangerous structures and the like, are in many respects distinct. While

in Georgia, under the statute, a railroad company would be liable to an employé for an injury caused by the negligence of a coemployé, if the injured party be free from fault, yet I am not aware of anything in the Georgia statutes changing the common-law rule as to the assumption by the servant of the patent dangers of the master's service. I am inclined to think that·this case comes within the latter class, and am not sure, therefore, that any ruling is necessary upon the question as to whether, under the statute and the decisions of the supreme court of the state, a receiver is liable to an employé injured by the negligence of a coemployé; but, if the question is involved in this case, I am clearly of the opinion that the decision of the supreme court of Georgia in the case of Henderson v. Walker, 55 Ga. 481, must control. In that case it was held that receivers of a railroad holding possession for a court of chancery, and operating the road under the orders of the court, are not subject to suits in their official capacity for a personal injury to one of their employés resulting from the negligence of other employés in the same service. The replies made by counsel for intervener in this case to this decision were, first, that this was not a construction of the statutes (Code Ga. §§ 2083, 3036), but, as I understand the argument, that it is an application of the common law to the statute, rather than a construction of the statute, and that being such, it is merely advisory to a United States court, and would not control it.· I do not concur in this view of the decision. The court, in the decision named, uses this language: "Doubtless the receivers, as common carriers, bear a relation to the public very similar to that of other common carriers; but the difference between the public and this plaintiff is that the public can appeal to a general law applicable as against all common carriers, whereas the plaintiff must invoke a special statutory provision, which will not reach all employers alike, but only railroad companies." And again, this language: "Still it is clear that employés of receivers are not within the words of the Code,"—showing that the court is construing the language and meaning of the statute, and not simply holding that under the common law the receiver is not liable to the same extent as the railroad company would be. In the language first quoted from this decision the court recognizes the fact that the receiver is a common carrier, and bears a relation to the public very similar to that of other common carriers. It goes on to say, however, that the plaintiff, an employé, must invoke a special statutory provision which will not reach all employers alike, but only railroad companies. The effect of this decision, of course, is that receivers do not stand in the place of the company as to employés; but it is clearly arrived at from a construction of the language of the statute. This is a statute peculiar to Georgia. It is a departure from the common law; and a court of the United States, called upon to construe it, will adopt the ruling of the highest court of the state as to its meaning. The decision in 55 Ga., supra, was recognized and reaffirmed in Thurman v. Cherokee R. Co., 56 Ga. 376, and may be considered the settled doctrine of that court.

The second reply made to this decision is that an act of the legislature of Georgia (Acts 1876, p. 122) has changed the law as announced in the decision quoted, if that decision be held applicable here.     It is contended that that act makes the receiver liable in cases like this, to the same extent as a railroad company would be.     The act named, after providing that the income of a railroad in the hands of a receiver shall be applied to the payment of certain other things, immaterial here, proceeds: "And for injuries to persons and property caused by the running of the cars on said road, and for which said road is now liable, as common carrier, by the laws of this state." It will be seen that the "injuries to persons" for the payment of which the receiver shall apply the income of the road, and for which a lien is given, are such injuries as are inflicted on persons to whom it would owe a duty as a common carrier.     Now, it is contended, as I understand the argument, that under the statutes of Georgia (Code, § 2083) the liability of the company in a case such as we are now considering is in its capacity as a common carrier.     An examination of that section will show that this position cannot be sustained. The language of the section is as follows: "Railroad companies are common carriers, and liable as such.     As such companies necessarily have many employés who cannot possibly control those who should exercise care and diligence in the running of trains, such companies shall be liable to such employés as to passengers for injuries arising from the want of such care and diligence."     It will be seen from its language that this section is applicable to injuries to the employé arising from the want of care and diligence on the part of another employé in the running of trains; and if it should be held that in a proper case coming within this statute (Code, § 2083),— as, for instance, a brakeman injured by the negligence of an engineer in running a train so as to cause a collision,—the receiver under the act of 1876 would be required to make payment out of the income of the road, it is obvious that it does not include the case now before the court.     This injury is said to have been caused by a dangerous structure on the side of the track, and no complaint is made whatever as to the manner in which the train was run.     So the discussion of this section of the Code of Georgia (section 2083) is almost unnecessary, because by its language the act of 1876 itself only provides for the payment out of the income in the receiver's hands, as a first liability, for injuries to persons "caused by the running of the cars on said road"; and the injury received by this complainant cannot, as I have stated, be said in any fair sense to have been caused by the running of the cars upon the road.     It is true that the train was in motion when the intervener was knocked from its side. but the complaint is of the structure by the side of the track with which he came in contact, and which caused his injury.     It is unnecessary, therefore, to decide the question as to whether the liability of the railroad company to an employé injured by want of care and diligence of another employé in the running of the trains is a liability "as a common carrier" under the act of 1876, or whether it is only the same degree of liability it would owe to a passenger, and not within the

terms of the act.    This reasoning applies only to section 2083, which is invoked here, as stated, in connection with the act of 1876.    Section 3036 of the Code, which makes the employer liable for an injury to an employé caused by the negligence of a coemployé generally, and without reference to running of trains, is not involved.    The last-named section creates a liability for the lack of ordinary and reasonable care, and the former for a liability "as to passengers," namely, for slight neglect, or the absence of extraordinary care.

Some importance was also attached by intervener's counsel in argument to the language of the title of the act of 1876, namely, "An act to fix the liability of receivers appointed for railroad companies," etc.    Of course, the liability fixed must be found in the body of the act, and that is, so far as applicable here, "for injuries to persons and property caused by the running of the cars on said road, and for which said road is now liable as a common carrier by the laws of this state"; so that I do not see the force of this position.    My conclusion is that, if the question of negligence of a coemployé is in this case at all, the common law is applicable, and must control it.    The intervener was injured by coming in contact with a coal chute, which it is claimed was erected dangerously near to the side of the track, and the real question is as to whether the ruling of the court in reference to it was correct.    That is to say, conceding it to be a dangerous structure, was it such a patent, visible, and open danger as that the intervener assumed the risk when he entered the employer's service, or was the law correctly stated in my instruction to the jury, that the intervener was held to reasonable and ordinary care in ascertaining that it was there, and that, if he knew, or by exercise of reasonable and ordinary care ought to have known, that it was there, he could not recover?    The decision of the supreme court of the United States in the case of Tuttle v. Railway Co., 122 U. S. 189, 7 Sup. Ct. 1166, which I had not seen, and to which my attention was not called on the trial of this case, has caused me to doubt the correctness of my instructions.    I do not pass finally upon the question, however, as another view I have of the case will control in the present decision.

The intervener in this case was undoubtedly violating the printed rules of the company when he was injured, and he had the rules in his pocket at the time.    The rules of the company required him to be on top of the car while the train was in motion, and he was on the side of the car when he was knocked therefrom by the coal chute. Plaintiff attempted to relieve himself of the effect of this violation of the printed rules by showing a custom which had grown up with the knowledge and consent of the employer, varying the rule.    The only custom which seemed to me to be established by the proof with any such certainty and clearness as to give it the effect claimed was one which it seemed plaintiff was disregarding and violating when he was hurt.    So that he appeared to be violating both the rule and the custom, if custom there was.    I think, therefore, the verdict was contrary to the evidence, and upon this ground there must be a new trial.    Let it be so ordered.