CENTRAL TRUST CO. OF NEW YORK v. EAST TENNESSEE, V. & G. RY. CO. (MITCHELL, Intervener).

(Circuit Court, N. D. Georgia. April 23, 1895.)

No. 829.

MASTER AND SERVANT—RAILROAD RECEIVERS—LIABILITY FOR INJURIES TO EMPLOYES—NEGLIGENCE OF COEMPLOYES.

The Georgia statutes making railroad companies liable for injuries caused to employés by the negligence of coemployés (Code, §§ 2083, 3036) do not apply to the case of an injury to an employé of a receiver operating a railroad under direction of a court of equity. Nor is such receiver made liable in such cases by the act of February 28, 1876, which defines the duties and fixes the liabilities of railroad receivers. Henderson v. Walker, 55 Ga. 481; Thurman v. Railroad Co., 56 Ga. 376; and Central Trust Co. of New York v. East Tennessee, V. & G. Ry. Co., 69 Fed. 353, —, followed.

This was a petition of intervention filed by William Mitchell in the case of the Central Trust Company of New York against the East Tennessee, Virginia & Georgia Railway Company, whereby he seeks to recover from the receiver of the defendant railway company damages for personal injuries sustained while in the employment of such receiver.

Ellis & Jordan, for intervener.
De Lacy & Bishop, for defendant.

NEWMAN, District Judge. Receivers are operating a railroad under appointment of this court. Intervener seeks to recover damages for an injury to an employé, caused by the negligence of a coemployé. At common law it is well understood that there is no liability in such a case. The right to recover, if it exists at all, must be by virtue of the statutes of the state of Georgia. Those statutes, embraced now in the Code of Georgia, sections 2083 and 3036, are as follows:

"Sec. 2083: Railroad companies are common carriers, and liable as such. As such companies necessarily have many employés who can not possibly control those who should exercise care and diligence in the running of trains, such companies shall be liable to such employés as to passengers for injuries arising from the want of such care and diligence."

"Sec. 3036: If the person injured is himself an employé of the company, and the damage was caused by another employé, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to the recovery."

The supreme court of Georgia in the case of Henderson v. Walker, 55 Ga. 481, reaffirmed in the case of Thurman v. Railroad Co., 56 Ga. 376, decides that these statutes do not embrace or extend to receivers engaged in the operation of railroads under the orders of a court of chancery. In the opinion by Bleckley, J., in the case of Henderson v. Walker, supra, the view of the court will appear from an extract as follows:

"He [the plaintiff] shows by his declaration that he is not such an employé. He rests his case on the statutory right, and yet does not put himself in the class to which the right belongs. The company owning the road was not in possession. It had no employés. There was no privity between it and the

plaintiff. He was not its servant; it was not his master. It had nothing to do with selecting his coemployés whose negligence caused the injury. The court of equity, by its officers, the receivers, had possession of the road; and the plaintiff, instead of hiring himself elsewhere to a railroad company or corporation, voluntarily hired himself to these ministers of the law. We think the letter of the situation is the law of it; and as he was not, in fact, in the employment of the railroad company, he is not to be considered in such employment by construction."

So that at common law there should be no liability on the part of the receivers in this case, and when we go to the law of the state we find that the statutes which must be invoked, as construed by the highest court of the state, give no greater right than would exist at common law.

The intervener contends that an act of the legislature "To define the duties and fix the liability of receivers appointed for railroad companies in certain cases," etc., approved February 28, 1876, establishes a different rule from that announced by the supreme court of Georgia in the decisions referred to. The effect of these statutes on these decisions, as well as the decisions themselves, has been before this court in the case of Central Trust Co. of New York v. East Tennessee, V. & G. Ry. Co. (Feb., 1888) 69 Fed. 353. The opinion appears not to have been published, but is of file in the clerk's office. The court in that case decided adversely to the intervener the same questions that are raised in this case, and a repetition of the reasons there given is unnecessary. None of the decisions cited by counsel for the intervener are directly in point, and nothing has been offered to change the view entertained by the court when this question was elaborately discussed in the case referred to.

It is evident, from the facts set out in the intervening petition, that this case must stand or fall on the negligence of the engineer. It is clearly the proximate cause of the injury. That the engineer was the fellow servant of the brakeman is well settled by the authorities. Unless the receivers are liable, therefore, for the negligence of the coemployé of the intervening petitioner, they are not liable in this case. The demurrer to the petition must be sustained.