BALTIMORE TRUST & GUARANTY CO. v. ATLANTA TRACTION CO.
(BENNETT, Intervener).

(Circuit Court, N. D. Georgia. June 6, 1895.)

No. 766.

1. RAILROAD RECEIVERS—LIABILITY FOR INJURIES TO EMPLOYES—COEMPLOYES.
    The Georgia statutes (Code, §§ 2083, 3036, and Act Feb. 28, 1876) do not give to the employés of a railroad receiver a right of action for injuries caused by the negligence of coemployés. Central Trust Co. of New York v. East Tennessee, V. & G. Ry. Co., 69 Fed. 353, 357, followed.

2. FELLOW SERVANTS.
    The conductors of two electric railway cars on the same road are fellow servants, and the common employer is not liable for an injury to one of them, resulting from a collision caused by the negligence of the other.

This was a petition of intervention filed by Smith Bennett in the case of the Baltimore Trust & Guaranty Company against the Atlanta Traction Company to recover from the receiver of the latter company damages for personal injuries sustained while in the receiver's employment.

Marshall J. Clark and T. J. Ripley, for intervener.

Rosser & Carter and King & Anderson, for defendant.

NEWMAN, District Judge. The question in this case is as to the liability of a receiver of a court operating a railroad to an employé injured by the negligence of a coemployé. I must determine, as I have heretofore done, that there is no such liability. It is unnecessary that the reasons should be given again, as they have been fully set forth in the opinions of the court in the cases of Central Trust Co. of New York v. East Tennessee, V. & G. Ry. Co., 69 Fed. 353, 357.

It is further insisted that the question of fellow service is not in this case. The injury was to the conductor of one electric car, who was injured, as is assumed in the argument, by the negligence of a conductor of an opposing electric car, he being responsible for a collision which occurred and which was the accident causing the injury. The question is raised as to whether the two conductors are fellow servants, as applicable to the question of employer's liability. My opinion is that they are. I think they are such under the general law and under the decisions of the supreme court of the United States. Any other conclusion cannot be reached from the later decisions of the supreme court. Much more clearly would they be fellow servants in the case of conductors on the same line of street and suburban cars of a city than on a long line of steam railroads running from city to city. The intimacy of their relations is greater, and they come more closely in contact, in the one case than in the other, and the fact of fellow service for the purpose of applying it to the case at bar is more apparent.