STATE OF WASHINGTON v. NORTHERN PAC. R. CO. et al.

(Circuit Court, D. Washington, W. D. July 29, 1896.)

**FEDERAL COURTS—JURISDICTION—ANCILLARY SUITS.**

When a federal court, by the appointment of a receiver, has assumed exclusive control of the operation and management of a railroad, any suit or action against such receiver, in his official capacity, and intended to affect the operation or business of the railroad, must be regarded as subordinate and ancillary to the suit in which such receiver was appointed, and, as such, within the jurisdiction of the federal court, and removable thereto, if commenced in a state court. So *held* of a proceeding to require the receiver, by mandamus, to comply with a state statute requiring the weighing of cars loaded with lumber.

James A. Haight, Asst. Atty. Gen., for the State.
Ashton & Chapman, for respondents.

HANFORD, District Judge. The state of Washington, by its attorney general, brought this action for a writ of mandate against the Northern Pacific Railroad Company and Andrew F. Burleigh,

receiver of said company, under an appointment from this court, to compel compliance on the part of the respondents with the requirements of a law of the state of Washington, enacted in the year 1895, imposing upon all trans-continental railroads running in this state a duty to construct scales capable of weighing cars loaded with lumber or shingles, and providing that all lumber and shingles to be shipped beyond the limits of this state by railroad shall first be weighed by an official weigher, to be appointed by the governor, and providing that said official weigher shall receive and collect from the railroad the sum of 50 cents per car for each and every car of lumber or shingles weighed by him. Laws Wash. 1895, p. 380. The action was commenced in the superior court of the state of Washington for Thurston county, and has been removed into this court by the defendants. The attorney general has moved to remand the case, on the ground that this court has not jurisdiction thereof, for the reason, as he alleges, that the action is not a civil action, and there is not a sufficient amount involved to give the court jurisdiction.

This action is against a receiver appointed by this court, and its object is to obtain process by which to control, to a certain extent, his official conduct in the operation of the railroad business intrusted to him. This court, by its order appointing a receiver, has assumed exclusive control of the operation and management of that portion of the Northern Pacific Railroad situated within this state. Therefore any suit or action against the receiver in his official capacity, and intended to regulate or affect the operation or business of the railroad, must be regarded as subordinate and ancillary to the suit in this court in which the receiver was appointed, and all such ancillary suits are within the jurisdiction of this court, and removable if commenced in a state court. In all such ancillary suits the jurisdiction of a circuit court of the United States, and the right of removal rest upon the same ground as in the main case in which jurisdiction has been acquired. This is upon the theory that, complete jurisdiction having been acquired by taking into custody the assets of an insolvent corporation, a court of chancery necessarily draws to itself jurisdiction of any other suit by or against its receiver in the course of winding up the business of such corporation. White v. Ewing, 159 U. S. 36–40, 15 Sup. Ct. 1018. Motion to remand denied.