### LEGGETT v. GREAT NORTHERN RY. CO. et al.

(Circuit Court, D. Minnesota, Third Division. June 10, 1910.)

1. REMOVAL OF CAUSES (§§ 18, 19*)—CASES ARISING UNDER CONSTITUTION OR LAWS OF THE UNITED STATES.

A cause cannot be removed from a state to a federal court simply because in the progress of the litigation it may become necessary to construe the Constitution or laws of the United States, but the decision of the case must depend upon such construction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 36–46, 48, 52, 53; Dec. Dig. §§ 18, 19.*]

2. REMOVAL OF CAUSES (§ 25*)—PROCEEDINGS—ALLEGATIONS OF PETITION.

A case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless such appears by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff's statement of his own claim; and, if it does not so appear, the want of it cannot be supplied by any statement of the petition for removal, or in the subsequent pleading.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

3. REMOVAL OF CAUSES (§ 25*)—CASES ARISING UNDER CONSTITUTION OR LAWS OF THE UNITED STATES—ALLEGATIONS OF COMPLAINT.

Where the complaint alleged facts which brought the suit within the employer's liability act (Act June 11, 1906, c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1909, p. 1148]) and the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), but there was no allegation therein that there was any dispute between the parties as to the construction of such acts, or that there was any controversy over the law applicable to the case, the action was not upon the complaint one arising under a law of the United States, so as to be removable to the United States Circuit Court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

At Law. Action by Charles E. Leggett against the Great Northern Railway Company and another. On motion to remand. Motion granted.

S. A. Anderson, for plaintiff.
M. L. Countryman, for defendants.

WILLARD, District Judge. This case stands now upon a motion to remand. It was removed into this court on the ground that it was a case arising under the Constitution and laws of the United States. In the case of Gold-Washing & Water Co. v. Keyes, 96 U. S. 199, 203, 24 L. Ed. 656, it was said:

"A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the Constitution or laws of the United States. The decision of the case must depend upon that construction. The suit must, in part at least, arise out of a controversy between the parties in regard to the operation and effect of the Constitution or laws upon the facts involved."

This case was cited and quoted from in the case of Blackburn v. Portland Mining Company, 175 U. S. 571–580, 20 Sup. Ct. 222, 44 L. Ed. 276.

In the case of Devine v. Los Angeles, 202 U. S. 313, 332, 26 Sup. Ct. 652, 657, 50 L. Ed. 1046, the court said:

"There being no diversity of citizenship, the jurisdiction of the Circuit Court could only be maintained upon the ground that the suit arose under the Constitution or laws or treaties of the United States, and a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends. And this must appear from the plaintiff's statement of his own claim, and cannot be aided by allegations as to the defenses which might be interposed."

In the case of Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. ——, the court quoted the following statement from the opinion of Taft, Circuit Judge, in Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Co. et al. (C. C.) 54 Fed. 730, 19 L. R. A. 387:

"And any case involving the enforcement of those rights is a case arising. under the laws of the United States."

The court, however, said:

"The object of the bill was to enjoin alleged unreasonable rates, threatened to be exacted by carriers subject to the act to regulate commerce. The right to be exempt from such unlawful exactions is one protected by the act in question, and the purpose to avail of the benefit of that act, as well as of the anti-trust act, is plainly indicated by the averments of the bill. Of necessity, in determining the right to the relief prayed for, a construction of the act to regulate commerce was essentially involved."

The complaint in the case at bar alleged facts which brought the suit within the employer's liability act (Act June 11, 1906, c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1909, p. 1148]) and the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]); but there was no allegation in the complaint that there was any dispute between the plaintiff and the defendant as to the construction of those acts, or that there was any controversy over the law applicable to the case. The action, therefore, upon the plaintiff's complaint, was not one arising under a law of the United States simply because it alleged certain facts which showed that the plaintiff was entitled to relief under an act of Congress.

It is said, however, by the defendant, that the petition for removal does state that the action not only was brought under the employer's liability act, and the safety appliance act, but that it involved a controversy between the parties as to the proper construction of these acts. The petition does set forth the facts which show how such controversy arises. That the facts stated in the petition in a case of this kind cannot be relied upon to secure a removal is well settled. In the case of Arkansas v. Kansas & Texas Coal Co., 183 U. S. 185, 188, 22 Sup. Ct. 47, 48, 46 L. Ed. 144, the court said:

"Hence it has been settled that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless that appears by plaintiff's statement of his own claim; and, if it does not so appear, the want of it cannot be supplied by any statement of the petition for removal, or in the subsequent pleadings."

That such an action as this cannot be removed on the ground that it arises under a law of the United States has been heretofore decided. Nelson v. Southern Ry. Co. (C. C.) 172 Fed. 478; Hubbard v. Chicago, Milwaukee & St. Paul Ry. Co. (C. C.) 176 Fed. 994.

The motion to remand is granted.