## ATCHISON, T. & S. F. RY. CO. v. KINKADE.

(District Court, D. Kansas, Second Division. December, 1912.)

### No. 98.

COURTS (§ 289*)—JURISDICTION OF FEDERAL COURTS—SUIT ARISING UNDER INTERSTATE COMMERCE ACT.

An action by a railroad company against a shipper to recover the difference between the freight paid on an interstate shipment and the amount due under the legally established and published rate schedules in force is within the jurisdiction of a District Court of the United States, regardless of the citizenship of the parties or the amount in controversy, under Judicial Code, § 24, par. 8 (Act March 3, 1911, c. 231, 36 Stat. 1092 [U. S. Comp. St. Supp. 1911, p. 136]), which gives such court jurisdiction "of all suits and proceedings arising under any law regulating commerce except those suits and proceedings exclusive jurisdiction of which has been conferred on the Commerce Court."

[Ed. Note.— For other cases, see Courts, Cent. Dig. § 830; Dec. Dig. § 289.*]

At Law. Action by the Atchison, Topeka & Santa Fé Railway Company against M. L. Kinkade. On motion to dismiss for want of jurisdiction. Overruled.

Wm. R. Smith, of Topeka, Kan., for plaintiff.
McGill, Blood & McCormick, of Wichita, Kan., for defendant.

POLLOCK, District Judge. The facts are the plaintiff, a corporate citizen of this state, brought this action in this court against defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date & Rep'r Indexes

ant, a citizen of this state, to recover the sum of $143.71; same being the difference between the amount of $267.37 heretofore received by plaintiff from defendant for the shipment of two cars of emigrant goods carried by plaintiff and other railway companies from the city of Indianapolis, in the state of Indiana, to the town of Holcomb, in this state, and the regularly established and published tariff rate of $411.08 chargeable for the performance of such service under the provisions of the Interstate Commerce Act. Defendant moves to dismiss the case against him for want of jurisdiction in this court.

Section 24 of the new Judicial Code, regardless of the amount in controversy, provides:

"This court shall have jurisdiction of all suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court."

Exclusive jurisdiction of the controversy here presented has not been by law conferred upon the Commerce Court, nor is such contention made by defendant. The only question presented by the motion is: Does this action arise under the provision of any law of the United States regulating commerce between the states? In the absence of what is known as the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), the parties would have been free to make any contract they might desire covering the shipment of the emigrant goods of defendant, and such contract when made would have been binding and enforceable. No amount in excess of that stipulated in the contract would have been chargeable or collectible. However, the price to be paid for the performance of such service as is involved in this case is no longer a matter of private contract between the parties, but both the shipper and the carrier are alike bound by the established and published tariff rate made under the Commerce Act. No other amount may be lawfully either charged, received, or paid. If a greater amount is charged and received, the shipper may recover the excess. If a less amount for any reason is paid by the shipper or received by the carrier, the difference between such amount and the legally established tariff rate may by the carrier be recovered from the shipper. In other words, the rate of carriage by law established, and not the acts or contract of the parties, must control. Texas & Pacific Railway Co. v. Mugg; 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011; Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075; Texas & Pacific Railway Co. v. Cisco Oil Co., 204 U. S. 449, 27 Sup. Ct. 358, 51 L. Ed. 562; Kansas City So. Ry. v. Albers Comm. Co., 223 U. S. 573, 32 Sup. Ct. 316, 56 L. Ed. 556; Robinson v. Balto. & O. R. R. Co., 222 U. S. 506, 32 Sup. Ct. 114, 56 L. Ed. 288; Carson Lumber Co. v. St. L. & S. F. R. Co. (D. C.) 198 Fed. 315.

As the duty of the plaintiff to charge and collect the regularly established and published rate in this action from defendant, and the corresponding obligation of the defendant to pay the same, regardless of any understanding, agreement, or other act of the parties, arises out of the provisions of the Interstate Commerce Act and not from

any contract between the parties, this court has jurisdiction, and the motion to dismiss must be overruled and denied.

It is so ordered. Defendant, if so advised, may answer the petition filed in this case within 20 days from this date.