### GULF, C. & S. F. RY. CO. v. BEATTY BROKERAGE CO.

(District Court, W. D. Louisiana, Lake Charles Division. March 20, 1925.)

No. 1236.

1. Courts ⬥289—District Court has jurisdiction of suit to recover interstate freight charges, regardless of amount involved (Judicial Code, § 24 [Comp. St. § 991]).

Under Judicial Code, § 24 (Comp. St. § 991), giving District Courts jurisdiction of "all suits and proceedings arising under any law regulating commerce," such court has jurisdiction of an action to recover freight on an interstate shipment, without regard to the amount involved.

2. Carriers ⬥194—Railroad company held entitled to recover freight from owner of shipment not received by consignee.

Railroad company held entitled to recover freight from the owner of a shipment not received by the consignee, though no formal notice was sent to defendant, because the shipment was billed by another and defendant's address was not shown by the bill of lading, but it otherwise obtained knowledge of the situation.

At Law. Action by the Gulf, Colorado & Santa Fé Railway Company against the Beatty Brokerage Company. Judgment for plaintiff.

Pujo & Bell, of Lake Charles, La., for plaintiff.

Robert R. Stone, of Lake Charles, La., for defendant.

DAWKINS, District Judge. Plaintiff seeks to recover for freight, demurrage, and other expenses incurred upon two cars of rice straw, shipped from Jennings, La., to Temple, Tex., amounting to $564.37, less $115.10, realized from public sale of the straw. De-

fendant denies liability, and prays for judgment in reconvention for the sum of $200 as damages alleged to have been suffered by the negligence of plaintiff in not notifying it of the failure of the consignee to receive the said freight. The jury has been waived in writing and the matter submitted for disposition by the court in chambers.

[1] The first question which is suggested on the face of the record is one of jurisdiction in this court to entertain a demand of the amount involved here. Such authority seems to exist under section 24 of the Judicial Code (Comp. St. § 991), which reads as follows: This court shall have jurisdiction "of all suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the commerce court." See, also, A., T. & S. F. Ry. v. Kinkade (D. C.) 203 F. 165; I. C. R. R. Co. v. Segari (D. C.) 205 F. 998.

[2] The evidence shows that these two cars of straw were shipped by Trielow Grain & Mercantile Company from Jennings, La., to Beatty Brokerage Company, at Temple, and a sight draft drawn by the said Beatty Brokerage Company upon C. A. Hughes, of Temple, Tex., attached to bills of lading. The first car, C. R. I. M. No. 350421, went forward under date of November 24, and the second, L. S. & M. S. No. 41567, on November 26, 1917, and reached Temple on December 1st and 5th, respectively, following. Hughes paid the draft on one of the cars, but did not pay the freight on the other, or receive either, notwithstanding repeated notices by the plaintiff.

Finally, on March 23, 1918, the contents, having previously been unloaded and stored, were sold under articles 725 and 726 of the Texas Statutes (Rev. St. 1911), realizing the sum of $115.10, which was credited upon the claim of petitioner, and this suit instituted for the balance. The bill of lading and expense bill did not give the address of defendant, and hence no formal notice was sent to it at Lake Charles, La., and, having no place of business at Temple, of course none was received there. However, defendant learned of the fact that the shipments had not been delivered some time afterwards, and itself undertook to get Hughes to accept the freight, but was unsuccessful.

The disposition made by the plaintiff and the expense incurred, such as freight, demurrage, storage, costs of advertising, etc., appear to be sustained by the proof, and I think the law warrants a recovery.