# SOUTHERN PACIFIC COMPANY *v.* STEWART.[1]

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 348. Motion to dismiss submitted November 5, 1917.—Decided December 17, 1917.

Where the complaint states a cause of action against a common carrier for loss or damage in transit to goods shipped in interstate commerce, the case is removable from the state to the District Court, as one arising under a law of the United States (the Carmack Amendment) if, as required by the Act of January 20, 1914, c. 11, 38 Stat. 278, the amount in controversy exceeds the sum or value of $3,000.00, exclusive of interest and costs.

In a case of interstate shipment governed by the Carmack Amendment, it is to be presumed—the complaint being silent on the subject—that the carrier issued a receipt or bill of lading, as the Amendment requires.

Though an action be removable from the state to the District Court as one arising under a federal law, yet, if the defendant remove it upon a petition resting solely on the ground of diverse citizenship, the jurisdiction of the District Court must be deemed to have been invoked upon that ground alone, and, consequently, under Judicial Code, §§ 128, 241, a judgment of the Circuit Court of Appeals in the case is not reviewable in this court by writ of error.

Writ of error to review 233 Fed. Rep. 956, dismissed.

THE case is stated in the opinion.

*Mr. Thomas Armstrong, Jr.,* and *Mr. P. H. Hayes* for defendant in error, in support of the motion.

*Mr. Henley C. Booth* and *Mr. William F. Herrin* for plaintiff in error, in opposition to the motion.

---

[1] This case was restored to the docket for rehearing January 28, 1918. For the reasons, see memorandum opinion, *infra*, 562.

Mr. Justice Day delivered the opinion of the court.

Frank R. Stewart began this action against the Southern Pacific Company, a common carrier, in the Superior Court of Arizona for the County of Maricopa. In his complaint he set out that he delivered certain cattle to the Southern Pacific Company to be carried from San Luis Obispo, California, to Phoenix, Arizona, in consideration of the freight to be paid to the Company as measured by the rate applicable to the shipment and carriage of live stock in car-load lots from the point of shipment to the point of destination as the same was published and on file with the Interstate Commerce Commission. The complaint alleged that in consideration of the freight charges the Company undertook to deliver the cattle in good condition at Phoenix, Arizona, and set forth that the cattle were handled and transported in such a negligent and careless manner that five of them died in Yuma, Arizona, a station on the line of the Company; that the remainder were delivered to the plaintiff at Phoenix, Arizona, in such injured condition that six more of them died, and eighty-seven of them were seriously injured, and depreciated in value as a result of negligent handling and transportation of the cattle as set forth in the complaint.

The Company upon petition and bond duly filed removed the case to the United States District Court for the District of Arizona, the same was tried in the District Court, and resulted in a verdict and judgment against the Company, which was affirmed by the United States Circuit Court of Appeals for the Ninth Circuit; a writ of error brings the case here.

The case is before us on motion to dismiss on the ground that the judgment of the Circuit Court of Appeals is final. The judgment of the Circuit Court of Appeals is final, among other cases, in those in which the jurisdiction,

meaning that of the District Court, is dependent entirely upon the opposite parties to the suit or controversy being citizens of different States. (Judicial Code, § 128; 36 Stat. 1157.)

The removal to the District Court of the United States was made upon a petition which set forth as a ground for removal the diversity of citizenship of the parties; no other ground for removal was in any manner alleged in the petition.

A suit is removable from a state court to the United States District Court when it arises under the Constitution or laws of the United States, or treaties made under their authority, and of which the District Courts of the United States are given original jurisdiction; any other suit of a civil nature at law or in equity, of which the District Courts of the United States are given jurisdiction, may be removed into the District Court of the United States by the defendant, or defendants, being nonresidents of the State. (Judicial Code, § 28.)

By the amendment of January 20, 1914, 38 Stat. 278, it is provided that no suit brought in any state court of competent jurisdiction against a railroad company, or other common carrier, to recover damages for delay, loss of, or injury to property received for transportation by such common carrier, under § 20 [which includes the Carmack Amendment] of the act to regulate interstate commerce as amended, shall be removed to any court of the United States where the amount in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000.00. In this case the plaintiff sought to recover more than $3,000.00, and in view of the allegations of the complaint it may be conceded that the action being for loss or injury to cattle shipped in interstate commerce for transportation by a common carrier this suit is one which arose under a law of the United States, and might have been removed to a federal court on that

ground. See *Northern Pacific Ry. Co.* v. *Wall*, 241 U. S. 87; *Georgia, Florida & Alabama Ry. Co.* v. *Blish Milling Co.*, 241 U. S. 190; *Cincinnati, New Orleans & Texas Pacific Ry. Co.* v. *Rankin*, 241 U. S. 319; *St. Louis, Iron Mt. & Southern Ry. Co.* v. *Starbird*, 243 U. S. 592, 595, 596, 597.

The Carmack Amendment requires the carrier receiving property for transportation between points in different States to issue a receipt or bill of lading therefor and makes the carrier liable to the lawful holder thereof for any loss, damage or injury to such property. While there is no specific allegation in the complaint that such bill of lading or receipt was issued, as the law makes it the duty of the carrier to issue the same the presumption is that such duty was complied with. *Cincinnati, New Orleans & Texas Pacific Ry. Co.* v. *Rankin, supra*, 319, 327; *New York Central &c. R. R. Co.* v. *Beaham*, 242 U. S. 148, 151.

While it thus appears that the suit might have been removed to the federal court because of the federal nature of the cause of action upon which it was brought, it was nevertheless within the jurisdiction of the state court, and that court might have proceeded to final judgment had not the defendant seen fit to remove the suit to the federal court.

Congress has not only provided for classes of cases wherein removal may be effected from the state to the federal courts, but has provided process by which such removals may be effected. Section 29 of the Judicial Code provides that the party desiring to remove the suit from the state court to the United States District Court may apply for removal by petition duly verified in the suit in the state court, at the time, or at any time before the defendant is required by the laws of the State or the rules of the court to answer or plead to the declaration of the plaintiff. Provision is also made for the filing of a

bond requiring that the defendant shall enter in the District Court of the United States within thirty days of filing such petition a certified copy of the record in the suit, and for paying costs in the event that the United States District Court holds that such suit was improperly removed; it is then made the duty of the state court to accept the petition and bond and proceed no further in the suit.

It is essential to the removal of a cause that the petition, provided for by the statute, be filed with the state court within the time fixed by statute, unless the time be in some manner waived. *Martin* v. *Baltimore & Ohio R. R. Co.,* 151 U. S. 673. True, there are cases in which it has been held that a removal may be accomplished after the time to answer or appear has expired, when the complainant changes the cause of action by amendment so as to make a case removable, which was not so before, as in *Powers* v. *Chesapeake & Ohio Ry. Co.,* 169 U. S. 92. Amendments have been permitted so as to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated. See *Kinney* v. *Columbia Savings & Loan Assn.,* 191 U. S. 78, and the review of previous cases in this court contained in the opinion in that case.

The petition for removal in this instance made no reference to any ground of removal because of a cause of action arising upon a federal statute. The petition which required the state court to give up its own jurisdiction, and transfer the cause to the federal court, was based solely upon the allegation of diversity of citizenship.

We are thus presented with the question whether a case removed solely upon the ground of diversity of citizenship, although the complaint contained a cause of action arising under a federal statute, after judgment in the Circuit Court of Appeals, may be brought by a writ of

error to this court. Cases not made final in the United States Circuit Court of Appeals may be brought to this court when the matter in controversy exceeds $1,000.00 besides costs. (Judicial Code, § 241.) As the amount in controversy herein exceeds $1,000.00 the jurisdiction of this court depends upon whether the jurisdiction of the District Court, to which the cause was removed, depended entirely upon the opposite parties being citizens of different States. The jurisdiction referred to, it has come to be settled, means the jurisdiction of the United States District Court as originally invoked. *Huguley Mfg. Co.* v. *Galeton Cotton Mills,* 184 U. S. 290, and previous cases in this court cited in the opinion of Mr. Chief Justice Fuller, who spoke for the court in that case.

In *Macfadden* v. *United States,* 213 U. S. 288, the subject was examined under §§ 5 and 6 of the Court of Appeals Act now incorporated into the Judicial Code in §§ 128 and 241. Mr. Justice Moody, who spoke for the court in that case, pointed out that finality of cases in the Circuit Court of Appeals, as governed by § 6, was determined, not by the nature of the case nor by the questions of law raised, but by the sources of jurisdiction of the trial court; whether its jurisdiction rested upon the character of the parties or the nature of the case, and he quoted with approval the language of Mr. Chief Justice Fuller in *Huguley Mfg. Co.* v. *Galeton Cotton Mills, supra,* wherein it was said the jurisdiction referred to is the jurisdiction of the Circuit Court "as originally invoked." This principle was applied in *Spencer* v. *Duplan Silk Co.,* 191 U. S. 526, in which a suit was brought by a trustee in bankruptcy in a state court against the Silk Company to recover in trover for certain lumber the property of the bankrupt wrongfully converted, it was alleged, to the use of the defendant. The case was removed from the state court upon a petition alleging that the controversy in the suit was wholly between citizens of different States. A trial

was had resulting in a verdict in favor of the plaintiff, this judgment was reversed by the Circuit Court of Appeals for the Third Circuit, and a writ of error was allowed from this court. The writ of error was dismissed as being within the rule which made the judgments of the Circuit Courts of Appeals final when the jurisdiction of the trial court depended entirely upon diversity of citizenship. Mr. Chief Justice Fuller, speaking for the court, in the course of the opinion reached the conclusion that the case was not to be treated as one commenced in the federal court by consent of the defendant under § 23 of the Bankruptcy Act. In concluding the discussion of the subject, the Chief Justice said:

"Plaintiff brought his action in the state court, and its removal on the ground of diverse citizenship placed it in the Circuit Court as if it had been commenced there on that ground of jurisdiction, and not as if it had been commenced there by consent of defendant under section 23 of the bankruptcy act. The right to removal is absolute and cannot be trammeled by such a consequence."

It may be conceded, for the sake of the argument, that the grounds of removal might have been amended by including in the petition the federal ground of action set up in the complaint, but no attempt at amendment was made, and the removal to the District Court of the United States was upon a petition resting solely on the ground of diverse citizenship. We are of opinion that it follows that the jurisdiction of the federal court was invoked solely on that ground, and that fact determines the right to a review in this court of the judgment of the United States Circuit Court of Appeals against the contention of the plaintiff in error. It follows that the writ of error must be dismissed.

*Dismissed.*

The Chief Justice dissents.