### NELMS, KEHOE & NELMS v. DAVIS, Federal Agent, et al.

(District Court, S. D. Texas, at Houston. December 30, 1921.)

No. 413 D. L.

1. **Removal of causes ☜➜17—Defendant may contest case in state court after removal without loss of right.**

If a state court proceeds with the trial of a cause after the filing of petition and bond for removal, the defendant may contest the action there without losing his right of removal.

2. **Removal of causes ☜➜107(6)—Petition for removal not amendable in federal court to state new ground for removal.**

A removing defendant may not amend his petition for removal in the federal court, by adding a new ground for removal.

3. **Removal of causes ☜➜19(5)—Action for damages under Interstate Commerce Act held removable.**

An action brought in a state court against a common carrier to recover damages for delay, loss of, or injury to property received for interstate transportation is removable as one arising under the laws of the United States, where the amount in controversy exceeds $3,000, as required by Comp. St. § 1010, being based on and governed by Carmack Amendment (Comp. St. §§ 8604a, 8604aa).

4. **Removal of causes ☜➜19(1)—That a federal question has been authoritatively decided does not affect the right to remove a cause in which it is raised.**

That a question arising under the laws of the United States in a cause which would authorize its removal has been decided by the Supreme Court does not change its effect for the purposes of Removal Act, § 28 (Comp. St. § 1010).

5. **Courts ☜➜489(9)—Removal of causes ☜➜19(5)—State courts have jurisdiction of suits for damages for injury to shipments, under Interstate Commerce Act, but cause is removable.**

A state court has jurisdiction of a suit for damages for delay, loss of, or injury to, property in interstate transportation, under Carmack Amendment (Comp. St. §§ 8604a, 8604aa), but such cause is removable when it involves the jurisdictional amount.

At Law. Action by Nelms, Kehoe & Nelms against James C. Davis, Federal Agent, and others. On motion to remand to State Court. Denied.

---

☜➜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Garrison, Pollard & Berry, of Houston, Tex., for plaintiff.

Terry, Cavin & Mills, of Galveston, Tex., and R. W. Franklin, of Houston, Tex., for defendants.

HUTCHESON, District Judge. This is a motion filed by Nelms, Kehoe & Nelms to remand to the state court, from whence it was removed, the cause known on the docket of the Eightieth judicial district court of Harris county, Tex., No. 96,270, and styled Nelms, Kehoe & Nelms v. James C. Davis, Federal Agent of the St. Louis & San Francisco Railway Company, and James C. Davis, as Federal Agent of the Gulf, Colorado & Santa Fé Railway Company.

The record shows that in due time, and in the manner required by law, a petition for removal was filed by the Federal Agent, setting up as a ground for the removal that the cause of action was one over which the District Court of the United States for the Southern District of Texas had jurisdiction under the act of Congress approved March 3, 1911 (36 Stat. 1094, § 28 [Comp. St. § 1010]), and that defendant was entitled to remove the same to said court for the reason that the cause of action of the plaintiff arose under and was governed and controlled by the acts of Congress regulating interstate commerce (Comp. St. § 8563 et seq.), in that the suit of plaintiffs was based upon the allegation of negligent handling by defendants of interstate shipments of cotton originating in Oklahoma, and consigned to points in the state of Texas, for which bills of lading were executed and issued as required by and under the acts of Congress regulating interstate commerce (Comp. St. § 8604a et seq.).

The bond was duly presented and approved by the judge of the Eightieth judicial district court of Harris county, Tex., but that court, conceiving that the cases were not removable, proceeded to enter judgment by default against the defendant. The defendant thereafter duly proceeded under the laws of Congress to take out its transcript of the record, and filed the same in this court, where it now is.

The plaintiffs moved to remand, on the ground that no federal question is involved, and further on the ground that, after the petition and bond had been filed in the state court, the defendants voluntarily entered their appearance in the district court by motion to set aside the judgment of the district court, and thereafter gave notice of appeal to the Court of Civil Appeals from the action of the court in refusing to set aside said judgment.

[1] The latter ground presents no meritorious contention, as it is well settled both by state and federal decisions (T. & P. Ry. Co. v. Davis, 93 Tex. 386, 54 S. W. 381, 55 S. W. 562, illustrating the Texas decision, and Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87, the federal) that, if the state court proceeds with the trial after petition and bond have been filed, a defendant may, without loss of his rights, contest the action there.

[2] The defendants, after the record was filed in this court and the cause was called for hearing on motion to remand, applied to the court for leave to amend the petition for removal by setting up, in addition to the ground of a federal question as stated in the petition

for removal filed in the state court, that the case was also a removable one because of the fact that it was a suit against James C. Davis, Federal Agent, and, under the law governing and controlling his activities, is in effect a suit against the United States, or an agent thereof, so that it for that reason is a suit arising under the laws of the United States, and removable.

The right to so amend the petition is contested by the plaintiffs, on the ground that the application to amend comes too late, and I agree with that contention, since it is essential to the removal of a cause that the petition provided for by statute be filed with the state court within the time fixed by statute, unless the time be in some manner waived. An attempt at this time, after the state court had acted in the cause, to present as a ground for removal a matter of federal right, which could have been waived, and must be presumed to have been waived, by the federal agent, comes too late.

"Amendments have been permitted, so as to make the allegations of the removal petition more accurate and certain, when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated." Southern Pacific v. Stewart, 245 U. S. 363, 38 Sup. Ct. 131, 62 L. Ed. 345.

But nowhere has it been permitted to a defendant to delay filing his petition setting up a ground of removal until after the time allowed by law, and this would be in effect what this court would permit the defendant to do, if it now permitted, after the time for filing the petition had passed, the insertion of new and distinct ground for removal in that petition.

Since I refuse the request to file the amendment, it is unnecessary to determine the effect of the amendment, if it had been filed; yet I deem it not improper to say that in my opinion it would have added nothing to the petition for removal, had it been timely filed, since it is plain, from the act of Congress properly known as the Transportation Act of 1920 (41 Stat. 461, § 206), that a federal agent may be sued in any court which, but for federal control, would have had jurisdiction of the cause of action had it arisen against the carrier company itself.

This brings the court, then, to the question of whether plaintiffs' cause of action arises under the laws of the United States, so as to present a federal question which would authorize the removal of the suit to this court.

Section 1010 of the Compiled Statutes of the United States, providing for removal, among other provisions, contains the following:

"Provided, further, that no suit be brought in any state court of competent jurisdiction against a railroad company, or other corporation, or person, engaged in and carrying on the business of a common carrier, to recover damages for delay, loss of, or injury to property received for transportation, * * * under section 20 of the Act to Regulate Commerce," etc., "shall be removed to any court of the United States when the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000."

Counsel for the removing defendant contends that this proviso is not merely a limitation, but an express grant, and that it in effect explicitly declares that, if the suit is one against a railroad to recover damages for delay, loss of, or injury to the property received for trans-

portation in interstate commerce, where the amount in controversy does exceed $3,000, the case is removable.

There is much strength in this contention, for, though it is a matter of general knowledge that the moving purpose of the proviso was to insert a value limitation, in order to stop the tremendous flood of removal causes which resulted after the decision in the McGoon Case (D. C.) 204 Fed. 998, it is also true that, though in McGoon's Case the court had on May 14, 1913, definitely declared that suits arising out of interstate shipments were removable. Congress in January, 1914 (Act Jan. 21, 1914, 38 Stat. 278 [Comp. St. § 1010]), amended the Removal Act, and placed no limitation whatever on the right to remove suits to recover damages "for delay, loss of, or injury to property received for transportation by such common carrier under section 20 of the Act to Regulate Commerce," except the sole limitation of value.

[3] But in the view which I take of the case it is not necessary to rest a decision that this is a removable case on a finding that the proviso of January, 1914, affirmatively grants a right to remove. It is sufficient to declare that I think it plain that since the acts to regulate commerce have entered and exclusively appropriated the field theretofore occupied by common law and state statutes declaring, interpreting, and giving rights of action, it necessarily follows that any suit upon interstate shipments is a suit arising out of or under the laws of the United States, and that as to such cause a right to remove exists.

So much has been written on the subject that it will serve no useful purpose to present the matter in extenso; it is sufficient to say that in my view the principle is excellently stated by Judge Amidon in McGoon v. Northern Pacific Ry. Co. (D. C.) 204 Fed. 1001:

"So far as I am aware, the following is a correct affirmative rule: Whenever federal law grants a right of property or of action, and a suit is brought to enforce that right, such a suit arises under the law creating the right, within the meaning of statutes defining the jurisdiction of federal courts."

This definition is supported, not only by the decisions of other district judges, whose opinions are well and carefully considered, as in the opinion by Judge Pollock, in Smith v. Atchison, Topeka & S..F. Ry. Co. (D. C.) 210 Fed. 988, and the opinion of Judge Augustus N. Hand, in Wells Fargo & Co. v. Cuneo (D. C.) 241 Fed. 727, but is, I think, removed from debate by the well-considered decision of the Circuit Court of Appeals of this circuit, in Alabama Great Southern Ry. Co. v. American Cotton Oil Co., 229 Fed. 11, 143 C. C. A. 313, and of the Supreme Court of the United States in Southern Pacific Co. v. Stewart, 245 U. S. 359, 38 Sup. Ct. 130, 62 L. Ed. 345.

[4] Counsel for the plaintiffs in their argument presented what, but for its support by an opinion of a United States District Judge in Re Vadner (D. C.) 259 Fed. 614, I would have considered a wholly groundless position, that when a federal question has been decided by the Supreme Court of the United States it ceases to be a federal question within the meaning of the removal statutes. The effect of this position is to hold that the case may be said to arise under the Constitution and laws of the United States only so long as some person is found contentious enough and disputatious enough to demand a reinterpretation of

the law, and at once ceases to arise when the law has become so well settled that it is no longer in active dispute.

Such a contention, in my opinion, is contrary to common sense and reason, for it presents as the ground of the right to remove *contention as* to the basis of a right, rather than *the basis itself* of the right. The fallacy of this position is well exposed in Alabama & Great Southern Ry. Co. v. American Cotton Oil Co., 229 Fed. 11, 143 C. C. A. 313, wherein a clear and authoritative opinion of the Circuit Court of Appeals discusses the right of removal where a federal question is involved, saying, on page 21 of 229 Fed., on page 323 of 143 C. C. A.:

"It is insisted with apparent earnestness * * * that no cause is removable where the law involved has once been decided, construed, and settled by the Supreme Court of the United States. * * * Since, however, the law relating to removal of causes because of a federal question is precisely the same as that upon which the original jurisdiction of the federal court because of such question depends, this contention, if meritorious, would seem to destroy the original jurisdiction and the right of removal as well."

[5] In the briefs of both parties many authorities are cited which at first blush would create confusion through the failure to clearly distinguish, as should be done, between the exclusive jurisdiction of the United States courts under sections 8 and 9 of the Commerce Act (Comp. St. §§ 8572, 8573) and the concurrent jurisdiction under the Carmack Amendment (Comp. St. §§ 8604a, 8604aa) and Cummins Amendment (Comp. St. §§ 8592, 8604a), but the confusion arising out of the inapt language or incomplete statements in some of the opinions of the lower courts is happily removed in Galveston, Harrisburg & San Antonio Ry. Co. v. Wallace, 223 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 516, where the decision of the point at issue here, though not made there in esse, is made in fieri by the enunciation of the principle which foreshadowed and made this present decision imperative.

In that case it was contended that a suit against a carrier for failure to deliver mohair shipped from Texas to Massachusetts was a suit under sections 8 and 9 of the Commerce Act, and therefore cognizable solely in federal courts. Mr. Justice Lamar made clear the distinction between a suit based upon a *violation of* the statute and a suit grounded upon the *existence of* a statute, and thus stated his point:

"It was contended that Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, ruled that this jurisdiction [under the Commerce Act] was exclusive, and from that it was argued that no suit could be maintained in a state court on any cause of action created either by the original act of 1887 or by the amendment of 1906. But damage caused by failure to deliver goods, is in no way traceable to a violation of the statute, and is not, therefore, within the provision of §§ 8 and 9 of the act to regulate commerce. *The real question, therefore, presented by this assignment of error, is whether a state court may enforce a right of action arising under an act of Congress.*"

He then states:

"Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right. But jurisdiction is not defeated by implication. * * * On the contrary, the absence of such provision would be construed as recognizing that where the cause of action was not penal, but civil and transitory, it was to be subject to

the principles governing that class of cases, and might be asserted in a state court as well as in those of the United States."

This clear enunciation, in the light of the statute and of the decisions which have followed it, leaves no room for doubt that, while suits arising out of interstate shipments may be cognizable in the state court, they are also removable to the federal court as matters of federal instance, when the jurisdictional amount is presented.

It is therefore considered, and it will be so ordered, that the motion to remand be denied.