FIELDING v. TOLEDO & O. C. RY. CO.

District Court, N. D. Ohio, W. D.   February 27, 1928.

No. 3165.

Ben W. Johnson and Johnson, Johnson & Farber, all of Toledo, Ohio, for plaintiff.

Doyle & Lewis, of Toledo, Ohio, for defendant.

KILLITS, District Judge. This case was begun in the state court through the filing of a petition which stated a cause of action for damage by fire of a carload of automobiles while in intrastate transportation. An answer was filed, alleging that the freight in question was in process of interstate transportation when the loss occurred. The issues in the state court were closed by a reply, denying the allegations of the answer attempting to change the aspect of the transportation. Thereupon the defendant was allowed by the state court to amend its answer by alleging an additional defense, to the effect that the loss occurred through the fraudulent and criminal acts of the plaintiff. After some delay counsel for plaintiff was allowed to withdraw, and subsequently the case was dismissed for want of prosecution. In a few days the case was reinstated, and an amended petition, with new counsel, was allowed to be filed. In this pleading it was alleged that the five racing automobiles involved in the loss were delivered by plaintiff to the Michigan Central Railway, at Grand Rapids, Mich., and received by that carrier on a bill of lading for transportation to Columbus, Ohio; that the freight was carried on such lading to Toledo, Ohio, when plaintiff caused the car containing it to be stopped in transit, and paid the freight charges to Toledo incurred thereon, with the intention, as alleged, to unload the same at Toledo, pending the execution of which alleged intention the loaded car was placed upon a switch track connecting the shipping carrier with the connecting railroad over which the car would have traveled, had the interstate shipment on the original bill been completed. It is admitted that the car remained closed and sealed, as under the original shipment, and the clear implication from the amended petition is that the release of the interstate bill of lading on payment of freight charges to Toledo, and the rebilling in attempted intrastate shipment to the orig-inal destination by the connecting carrier involved in the original interstate billing—i. e., the defendant herein—were in practically immediate sequence.

The car burned, with total destruction of its freight, while still on a service track of the defendant company provided for cars received from connecting carriers. Six days later, without leave of court, and without withdrawing the first amended petition, a second amended petition was filed, in which no mention was made of the fact that the carriage was initiated in Michigan, but the transaction was described as if it had originated in Toledo as an intrastate shipment over defendant's road from Toledo to Columbus. Thereupon, before rule for pleading by defendant, this cause was removed to this court upon defendant's petition, asserting the situation to have been substantially as depicted in plaintiff's first amended petition still on the record. A motion to remand was overruled and the case held for trial here.

At the trial, plaintiff, through his then counsel, consented to a direction of a verdict for defendant without record of the testimony, that review might be had solely upon the court's action on the motion to remand, the motion for new trial asserting as the only error the court's refusal of the motion. The facts are further considered in the opinion.

### Opinion.

The advisability of a brief expression of the court's views in this case seems to be indicated as we pass upon the motion for a new trial, for the record takes up nothing but a review of the court's action in overruling a motion to remand.

As we understand the practice, if the petition to remove shows by its averments that the case involves a federal question, and one of which this court has original jurisdiction, removal follows as a matter of course, without the resting of any issue in the state court; and if subsequently there is interposed, not an issue upon the averments of the petition to remove, triable only in this court, but a motion to remand, the only question before this court is the sufficiency of the petition to remove.

In the instant case the railroad company defendant contented itself in its petition to remove by averring the showing of facts made in the original and first amended petitions of the plaintiff in the state court, thereby in effect, if not by direct averment, adopting and reciting the facts contained in the pleadings in question as the facts in the

case, and we are assured that we may assume these to be the facts as against the motion to remand.

■ The circumstances are rather unique. The first amended petition in the state court, the substance of which is embodied in the petition to remove, most assuredly stated a case of which this court had original jurisdiction, and one which could have been brought here, only, in the first instance. The carload of automobiles was billed through from Grand Rapids to Columbus under a bill of lading which involved the application of the so-called Carmack Amendment (49 USCA § 20(11)(12). The car involved was never unsealed, never had been delivered but was arrested in transit while in the custody of a connecting carrier, to await the alleged, but never executed, and afterwards abandoned, intention of the shipper to repossess himself of the freight at Toledo. Abandoning his thought to permanently halt the shipment in Toledo, if he ever had such an intention, he directed a continuance of the transportation without repossessing himself of the freight, paying demurrage incident to the delay, and directed that the shipment should proceed to its original destination. We feel that his action in surrendering the interstate waybill and rebilling under an intrastate waybill, after paying transportation charges under the original bill to Toledo, under the other circumstances alluded to, did not constitute an effective break of the original shipment to the destruction of the interstate character thereof. Atchison, T. & S. F. R. Co. v. Harold, 241 U. S. 371, 36 S. Ct. 665, 60 L. Ed. 1050; Baltimore & O. S. W. R. Co. v. Settle et al., 260 U. S. 166, 43 S. Ct. 28, 67 L. Ed. 189.

The shipment as it left Grand Rapids established a right of action for nondelivery, if that should happen, as in the instant case, only in a federal court. Chicago, R. I. & P. R. Co. v. Hardwick Farmers' Elevator Co., 226 U. S. 426, 33 S. Ct. 174, 57 L. Ed. 284, 46 L. R. A. (N. S.) 203; Southern R. Co. v. Prescott, 240 U. S. 632, 636, 36 S. Ct. 469, 60 L. Ed. 836; Southern Pac. Co. v. Stewart, 245 U. S. 359, 38 S. Ct. 130, 62 L. Ed.

345; and Williams v. Railroad Co. (C. C. A.) 11 F.(2d) 363, 45 A. L. R. 437.

■ Assuming, as we must, that the facts were as stated in the first amended petition, and had the case gone to trial on a petition similar to the second amended petition herein, in which the interstate character of the shipment under the authorities above cited was not disclosed, the case would have been removable at the option of the defendant from the state court as soon as the actual state of affairs was there developed.

This court had this question before it in Leonard v. Railroad Co., in 1916, in which a case, originally pleaded as one within the concurrent jurisdiction of both courts, but which on the facts developed when plaintiff rested was shown to be within the exclusive jurisdiction of the federal court, was removed to this court in the midst of the trial in the state court, and the removal sustained by this court in considering a motion to remand. We are satisfied that this position is unassailable. It therefore follows that inevitably upon the facts developed, and as in the first amended petition stated, the right to remove would lie with the defendant railroad company.

■ The record shows that the first amended petition, stating a federal case within our exclusive jurisdiction, was abandoned in six days for a second amended petition, which attempted to state a case within the jurisdiction of the state court. It is not difficult to assume that this was a device of the pleader to deprive, if possible, the defendant of its right to remove established by the first amended petition. This device was not successful, for, as the question was here on the motion to remand, the inquiry is directed, not to the character of the final pleading in the state court, upon which trial was sought by the plaintiff, but is directed to the quality of the petition to remove. The motion to remand, not accompanied by a raised issue on the facts as stated by the removal petition, but alone involving a consideration of that petition for the controlling attention of the court, is equivalent to an admission that the facts therein stated are true.