TOWN OF FAIRFAX, OKL., v. ASHBROOK
et al.
No. 1702.

District Court, N. D. Oklahoma.
May 17, 1933.

Walter L. Gray, of Fairfax, Okl., and Poe, Lundy & Morgan and H. R. Duncan, all of Tulsa, Okl., for plaintiff.

Frank T. McCoy, of Pawhuska, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted in the district court of Osage county, Okl., against C. E. Ashbrook and the First National Bank of Fairfax, and, by obtaining leave so to do from that court, an amended petition was filed making Frank M. Overstreet, receiver for the First National Bank of Fairfax, Okl., a party defendant. The receiver for the bank, under the state practice, was required to answer the amended petition of plaintiff on or before December 30, 1932. On December 12, 1932, he filed his petition for removal and bond in the state district court. On January 20, 1933, the defendants the First National Bank of Fairfax and C. E. Ashbrook filed their motions in this court for permission to join in the removal proceedings instituted by the receiver for the bank. On January 24, 1933, plaintiff filed its motion to remand the case to the district court of Osage county, upon the ground that all of the defendants, being necessary parties, had not joined in the removal petition, and that, the motion of the two nonjoining defendants for permission to join in the proceedings having been filed after the answer date of the removing defendant, the federal court is without jurisdiction to grant the motion. The case is before the court on plaintiff's motion to remand and the motions of the nonjoining defendants for permission to join the removal proceedings.

The question here presented does not seem to have had the consideration of other courts, as no authorities have come to my attention involving the question.

The removal petition of the receiver alleges the facts surrounding his appointment by the Comptroller of the Currency of the national bank, and shows on its fact that it is one of a class of cases of which federal district courts have jurisdiction. Studebaker Corporation of America v. First National Bank of Florence (D. C.) 10 F.(2d) 590;

346

Fleming v. Gamble (C. C. A.) 37 F.(2d) 72; Larabee Flour Mills v. First National Bank of Henryetta et al. (C. C. A.) 13 F.(2d) 330. The petition also shows that only the receiver has instituted the removal proceedings. It is insisted that the motion of the two nonjoining defendants for permission to join in the removal petition will constitute only an amendment to the removal petition; that the petition for removal states the grounds for removal, and the amendment will not set up a new ground of removal, but is sought merely to bring in other necessary parties.

■ It is well established that a petition for removal of a suit to a United States court is insufficient, when all the necessary defendants do not join therein. Gableman v. Peoria, D. & E. R. Co., 179 U. S. 335, 21 S. Ct. 171, 45 L. Ed. 220; Chicago, R. I. & P. R. Co. v. Martin, 178 U. S. 245, 20 S. Ct. 854, 44 L. Ed. 1055; Fleming v. Gamble (C. C. A.) 37 F.(2d) 72. This is true whether the removal is sought on the ground of diversity of citizenship or nonresidence, when no separable controversy exists (Blackburn v. Blackburn [C. C.] 142 F. 901; Huntington v. Pinney [C. C.] 126 F. 237; Santa Clara County v. Goldy Mach. Co. [C. C.] 159 F. 750), or where a federal question is involved (Gableman v. Peoria D. & E. R. Co., supra; Chicago, R. I. & P. R. Co. v. Martin, supra; Heffelfinger v. Choctaw, O. & G. R. Co. [C. C.] 140 F. 75).

■ This requirement is because of the construction of the statutes permitting removal of causes from state to federal courts because of diversity of citizenship, or where a federal question is involved. It seems that the reason for such a rule is that all the defendants in such a case must consent to the removal, and subsequent trial of the case in the federal court, and all must therefore join in such proceedings. Each defendant, other than a nominal party without a real interest in the litigation, has a right equal to each of the other defendants, to have the case tried in the state court where it was originally filed, and, unless all defendants join in the removal proceedings, the case is remandable. In the instant suit a federal question is involved, but it exists only as to the one defendant, the receiver, and the case is removable, although brought jointly on a joint cause of action, if removed on the petition of all the defendants. Martin v. St. Louis, Southwestern R. Co., of Texas (C. C.) 134 F. 134. Were it not for the motions of the nonjoining defendants for permission to join

in the removal proceedings, this case would be easy of disposition, as it has been held that a removal cannot be had on the petition of a defendant receiver alone who is made defendant with the corporation or other parties who are not merely nominal parties to the suit. Chicago, R. I. & P. R. Co. v. Martin, supra; Gableman v. Peoria, D. & E. R. Co., supra, and Miller v. Le Mars National Bank (C. C.) 116 F. 551, which involved a suit against a national bank and its receiver, to establish a preferred claim against the bank, on the ground of a trust arising out of a transaction which took place prior to the appointment of a receiver for the bank, and it was held that the bank is not merely a nominal party to the record, but is in fact the principal party defendant, and its presence cannot be disregarded in proceedings for removal.

■■ It is insisted that the motions of the nonjoining defendants for permission to join in the removal is only an application for leave to amend the removal petition to include all the defendants, and is in the nature of process to bring the necessary parties before the court. There can be no doubt that the petition for, and record on, removal are amendable. Kinney v. Columbia Savings & Loan Ass'n, 191 U. S. 78, 24 S. Ct. 30, 32, 48 L. Ed. 103; Powers v. Chesapeake & O. R. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Carson v. Dunham, 121 U. S. 421, 7 S. Ct. 1030, 30 L. Ed. 992. The United States Supreme Court stated, in Kinney v. Columbia Savings & Loan Ass'n, supra, that "a petition and bond for removal are in the nature of process. They constitute the process by which the case is transferred from the state to the federal court. Congress has made ample provision for the amendment of process." However, amendments to petitions for removal may be permitted only where the amendment is one to cure technical defects or to amplify the allegations of the petition. Frazier v. Hines (D. C.) 260 F. 874. Thus, the amendment must do no more then set forth in proper form what has been before imperfectly stated in the petition for removal. A removal petition containing the ultimate facts required by law may be amended to allege in detail the facts, such as a fraudulent joinder. Donovan v. Wells Fargo & Company (C. C. A.) 169 F. 363, 22 L. R. A. (N. S.) 1250. An amendment cannot be made to supply allegations necessary to show that the cause is removable (Missouri, K. & T. R. Co. v. Chappell [D. C.] 206 F. 688; Santa Clara County v. Goldy Mach. Co., supra; Shane v. Butte

Elec. R. Co. [C. C.] 150 F. 801), or to set up entirely new and different grounds for removal (Southern R. Co. v. Lloyd, 239 U. S. 496, 36 S. Ct. 210, 60 L. Ed. 402; Nelms, Kehoe & Nelms v. Davis [D. C.] 277 F. 982). An additional petition presented to the federal court with the removal papers, alleging facts not stated in the petition to the state court, cannot be looked to to confer jurisdiction. Waite v. Phoenix Ins. Co. (C. C.) 62 F. 769.

In the instant case, a motion is made in this court to permit the two nonjoining defendants, who are necessary parties to the removal, to join in the removal petition. Such a proceeding does not constitute an amendment to the removal petition. The motions are separate papers, and form no part of the removal petition. The removal petition is not defective in its allegations, and only the allegations are amendable. Even then, the amendment must be limited, as stated above, to a proper statement of what had been imperfectly alleged. The defect in the removal proceedings in the instant case is not in the allegations of the petition, but is in the removal proceedings, for failure of all necessary defendants to join in the petition for removal and in the removal proceedings. Under the ruling in Waite v. Phoenix Ins. Co., supra, the motions of the nonjoining defendants cannot be looked to as conferring jurisdiction, as in that case a petition presented to the federal court with the removal papers was not considered. The purpose of the petition in the cited case and the motions in this case was different, but the principle involved is the same, as in both cases the removal proceedings were defective—defective in the cited case because of the removal petition, and in this case because of the failure of all the necessary defendants to join in the petition. In this case, no amendment can cure the defect in the proceedings. Failure of all necessary defendants to join in the removal proceedings renders the petition fatally defective. Santa Clara County v. Goldy Mach. Co., supra. As the defect in the proceedings is fatal, no amendment can cure it.

It is urged that the petition and bond for removal are in the nature of process to bring the necessary parties before the court and may be amended, and reliance is based upon Kinney v. Columbia Savings & Loan Ass'n, supra, as an authority for such contention. A quotation from the cited case is set out herein, and it is that portion of the opinion which deals with the petition and bond for removal constituting process. It is to be observed that the United States Supreme Court, in dealing with the subject, did not construe a removal petition and bond as process, but merely in the nature of process, and declared that they constituted the process by which the case is transferred from the state to the federal court. It cannot be said that the petition and bond for removal are in the nature of process, or process, by which parties are brought before the federal court. They are before the state court by virtue of process issued out of that court, or by appearance, and the removal proceedings bring the entire case and all the parties into the United States Court, if the removal is in conformity to law. I do not think a removal petition and bond are subject to amendment to include necessary parties who failed to join in such proceedings in the state court within the time fixed by law, upon the ground of amending process under the federal statutes.

The motions of the nonjoining defendants were filed in this court, and not in the state district court, and were filed beyond the time fixed by statute for the filing of a petition and bond for removal. The statute (Jud. Code § 29 [28 USCA § 72]), in so far as the time for removal is concerned, is mandatory and must be strictly complied with. Southern Pacific Co. v. Stewart, 245 U. S. 359, 38 S. Ct. 130, 62 L. Ed. 345; Id., 245 U. S. 562, 38 S. Ct. 203, 62 L. Ed. 472; Kansas City, Ft. Smith & M. R. Co. v. Daughtry, 138 U. S. 298, 11 S. Ct. 306, 34 L. Ed. 963. A delay beyond the fixed time under the circumstances of the case may be excused, but there must be an adequate and acceptable excuse. Burgunder v. Browne (C. C.) 59 F. 497; Hager v. New York Oil Co. (D. C.) 20 F.(2d) 944; Lee v. Continental Ins. Co. (D. C.) 292 F. 408. The motions cannot be considered as removal pleadings or papers, as they were not filed in the state court, and because they were not filed within the time prescribed and no excuse given for delay. As such motions cannot constitute an amendment to the removal petition, they are of no effect, and cannot cure the fatal defect in the removal proceedings.

The motions of the nonjoining defendants for permission to join in the removal proceedings are denied. Plaintiff's motion to remand the cause to the state district court is sustained.