URIBE et al. v. HARTFORD ACCIDENT & INDEMNITY CO.

No. 1806.

District Court, D. Idaho, S. D.

May 27, 1933.

James F. Ailshie, Jr., and Dean Driscoll, both of Boise, Idaho, for plaintiffs.

Martin & Martin, of Boise, Idaho, for defendant.

CAVANAH, District Judge.

The defendant filed its petition in the state court asking to have the cause remov-

ed into this court on the sole ground of diversity of citizenship, alleging that the plaintiff is a citizen and a resident of the state of Idaho, and the defendant a corporation organized and existing under the laws of the state of Connecticut.

Plaintiff now moves to remand, denying that he is a citizen of the state of Idaho, and alleges that he is an alien and a subject of the Republic of Spain. Proof was taken on the hearing to remand, and it appears that the plaintiff Pantaleon Uribe is an alien and subject of the Republic of Spain, and is guardian ad litem of Virginia Marie Uribe, a minor child, born in the state of Idaho.

At the close of the hearing of the motion to remand, defendant requested permission to amend its petition for removal to accord with the facts by setting up the ground that the plaintiff Pantaleon Uribe is an alien, which request was objected to by the plaintiff, for the reason that its petition for removal rests solely on the ground of diversity of citizenship. Amendments setting up new and distinct grounds for removal cannot be invoked, unless defendant learned for the first time, on the hearing for removal, that plaintiff was an alien. The petition for removal makes no reference to the ground because of plaintiff Pantaleon Uribe being an alien, but confines the ground of removal to diversity of citizenship, upon which the state court gave up its own jurisdiction, and transferred the cause here, solely upon the allegation of diversity of citizenship.

While a petition for removal may be amended in this court by making a more perfect statement of the ground for removal alleged in the first instance, yet an amendment is not recognized which sets up entirely new and distinct grounds for removal, which were not presented to the state court on motion for removal, Cameron v. Hodges, 127 U. S. 323–326, 8 S. Ct. 1154, 32 L. Ed. 132; Wallenburg v. Missouri Pacific Ry. Co. (C. C.) 159 F. 217; Nelms, Kehoe & Nelms v. Davis et al. (D. C.) 277 F. 982; Southern Pacific Co. v. Stewart, 245 U. S. 359, 38 S. Ct. 130, 62 L. Ed. 345, unless the moving party learned thereafter that the other party was an alien. From the allegations of the complaint the defendant was not informed that plaintiff was an alien, and naturally assumed from it, after reading the allegation as to his appointment as guardian ad litem by the state court, that he was a citizen of Idaho, and hence it was led to believe that there was a diversity of citizenship existing between the parties at the time of the filing of its petition for re-

moval. It was informed of that fact for the first time in this court in plaintiffs' motion to remand, and affidavit filed therewith, which bring the right to amend, in this court, the petition for removal. Matarazzo v. Hustis (D. C.) 256 F. 882; Southern Pacific Company v. Stewart, 245 U. S. 359, 38 S. Ct. 130, 62 L. Ed. 345.

We are thus presented with the question whether the amendment should be allowed where it is asserted that the plaintiff Pantaleon Uribe is an alien and the defendant a citizen and resident of the state of Connecticut and is a ground for removal on application of the defendant from the state court to the federal court.

Under section 2 or article 3 of the Constitution of the United States, the judicial power extends to all cases in law and equity, "Between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." The Judicial Code, § 24, section 41, title 28, USCA, provides: "The district courts shall have original jurisdiction as follows: * * * Where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, * * * or * * * is between citizens of different States, or * * * is between citizens of a State and foreign States, citizens, or subjects." Hence this is a case to which the judicial power of the United States extends and one to which the United States District Courts have original jurisdiction.

As to what suits may be removed from the state court to the United States court, the Judicial Code, § 28, provides: "Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State." Title 28 USCA § 71. The District Courts of the United States having then original jurisdiction of suits between a citizen of a state and foreign states, citizens or subjects, it seems clear that, where an alien sues a foreign corporation in a state court, the corporation may remove the action to the federal court, the basis of removal being the existence of a controversy between an alien and a citizen. Decker, Jr., & Co. v. Southern Ry. Co. (C. C.) 189 F. 224, 226; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964; Fribourg et ux. v. Pullman Co. (C. C.) 176 F. 981,

985; Barlow v. Chicago & N. W. R. R. Co. (C. C.) 172 F. 513, 516; Matarazzo v. Hustis (D. C.) 256 F. 882; In re Hohorst, 150 U. S. 653, 14 S. Ct. 221, 37 L. Ed. 1211; Ladew et al. v. Tennessee Copper Co. et al. (C. C.) 179 F. 245; Iowa, etc., Gold Mining Co. v. Bliss (C. C.) 144 F. 446. In the Barlow Case, supra, the plaintiff was an alien, the defendant an Illinois corporation. Suit was brought in the state court of Iowa. Defendant moved for removal from the state court to the federal court. The question decided arose upon motion to remand to the state court. The court said: "Suits between citizens and aliens may be brought in any district where valid service may be obtained upon the defendant, whether he be citizen or alien, subject, of course, to the right of the defendant, if he be a citizen of one of the states, to seasonably object to being sued by an alien in any other district than that of his residence, the same as he might so object if sued by a citizen in a district of which neither the plaintiff nor the defendant was a resident, and, unless he does so object, the cause may rightly proceed to determination in the Circuit Court of the United States, where it was so commenced."

An illustration of interest is Decker, Jr., & Co., v. Southern Ry. Co., supra, where plaintiff, an alien, sued in Alabama a corporation organized under the laws of Virginia, doing business in Alabama. Suit was originally brought in the state court. The inquiry was whether a corporation organized under the laws of a state other than that of the former can remove a cause brought against it by an alien from a state court into the federal court. The court held: "An alien plaintiff is presumed to have no choice as to districts and no provision is therefore made in his favor as to venue in that respect. Consequently, an alien plaintiff who institutes a suit in a state court in a district in which defendant does not reside has no complaint because the defendant removes the cause into the federal court of that district; since the law confers on the alien plaintiff no privilege of selection as to districts. In cases of alien plaintiff, consent of the defendant to the venue is alone requisite, and such consent is implied in the institution by the defendant of the removal proceedings."

It results that, as the federal court would have had original jurisdiction, and the defendant is permitted to amend its petition of removal to accord with the fact that plaintiff is an alien, the motion to remand is denied.