Herman McMAHAN and Annie McMahan, Plaintiffs,

v.

Hurley A. FONTENOT and H. L. Langston, Defendants.

Civ. A. No. 1660.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Jan. 10, 1963.

Wayland Parker, Greenwood, Ark., Garner, Shaw & Kimbrough, Ft. Smith, Ark., for plaintiffs.

Warner, Warner & Ragon, Ft. Smith, Ark., for Fontenot.

J. Sam Wood, Ft. Smith, Ark., for Langston.

JOHN E. MILLER, Chief Judge.

On July 11, 1962, the plaintiffs filed their complaint in the Sebastian County Circuit Court, Greenwood District, to recover for personal injuries and property damage allegedly suffered by them on April 28, 1962, on account of the alleged negligence of said defendants in the operation of their automobiles on a public highway in Sebastian County, Arkansas.

In the prayer of the complaint the plaintiffs prayed "for judgment against the defendants, Hurley A. Fontenot and H. L. Langston, jointly and severally, and against each of them" for the alleged injuries and damages.

Summons was issued and duly served upon both defendants, and returned by the Sheriff or his Deputy to the Office

of the Clerk of the State court on the same date, July 11, 1962.

On July 26, 1962, within twenty days after the service of summons upon the defendants, the defendant, Hurley A. Fontenot, filed his petition for removal in which he alleged that the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and is between citizens of different states; that the plaintiffs at the time the action was commenced were citizens of the State of Arkansas, and "petitioner [Hurley A. Fontenot] and his co-defendant, H. L. Langston, were and are still citizens of the State of Texas and were not and are not citizens of the State of Arkansas."

On the same date, the defendant Fontenot filed his answer denying the allegations of the complaint and alleging that the injuries and damages, if any, suffered by the plaintiffs were the direct and proximate result of plaintiffs' own negligence and that plaintiffs' contributory negligence constitutes a complete or partial bar to plaintiffs' claim. That the plaintiff, Herman McMahan, assumed the risk of his injuries, if any, complained of, and that the plaintiff's assumption of the risk constitutes a complete bar to the claim of both plaintiffs.

The defendant Langston, although a citizen of the State of Texas, did not join in the petition for removal, but on August 1, 1962, twenty-one days after the filing of the complaint in the State court and the service upon him of the summons and the return of the summons to the Clerk of the State court, voluntarily appeared by his attorney and filed in this court his answer to the complaint of the plaintiffs. In his answer the defendant Langston simply denied "each and every material allegation contained in plaintiffs' complaint," and further pleaded that the plaintiffs' injuries, if any, were the direct and proximate result of the negligence of the plaintiff, Herman McMahan, and that such contributory negligence constitutes a complete or partial bar to the claims of both plaintiffs.

On October 31, 1962, the court directed the Clerk to give notice of a pretrial conference of this and other cases to be held on November 19, 1962. At the pretrial conference the plaintiffs appeared by their attorney, Mr. Wayland Parker, and the defendants appeared by Mr. Douglas O. Smith, Jr. The issues were discussed, as well as the issues in the case in Civil Action No. 1662, in which Mack Burton is plaintiff and Hurley A. Fontenot and H. L. Langston are defendants, and it appearing to the court that the instant case, No. 1660, and Civil No. 1662 involved a common question of law and fact, the cases were consolidated and set for trial at the January 1963 term. The cases were later set for trial on January 16, 1963, and all parties were notified.

On January 7, 1963, the court examined the files in both cases preparatory to drawing instructions to the jury to be used in the trial of said cases, and at that time discovered that the defendant, H. L. Langston, did not join in the petition for removal filed by his co-defendant, Hurley A. Fontenot. The writer immediately advised by telephone the attorneys for the defendants that because of the failure of the co-defendant Langston to join in the petition for removal, that the court was of the opinion that the case should be remanded to the State court. The attorneys for the defendants requested an opportunity to submit a brief and argument in opposition to the remand. At that time the plaintiffs had not filed a motion to remand. In fact, nothing had been done by any of the parties insofar as the record of the court discloses except to attend the pretrial conference.

Following the statement which the writer made to the attorneys for the defendants, the defendants filed a motion on January 8, 1963, for leave to amend their separate answers, which motion was granted and on the same date the amendments to the answers were filed. In the amended answer filed by Langston, he reiterates the allegations contained in numbered paragraphs I and II of the original answer and adds a new paragraph numbered III, in which he alleged:

"Pleading further, defendant states that in and by his original

answer herein he did intend to enter his appearance in this Court and to consent to the removal of this cause to this Court and that he did intend by said original answer herein to waive any right which he might have to cause said action to be remanded to state court, and he does hereby specifically allege and reaffirm his said intent to join in and consent to said petition for removal and to waive any right to cause said action to be remanded to the state court."

Title 28 U.S.C. Sec. 1446(a), provides:

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."

■ Where several defendants are jointly sued on a joint cause of action in the State court, such suit cannot be removed to a federal court unless all the defendants join in the removal. Wright v. Mo. Pac. R. R. Co., (8 Cir., 1938) 98 F.2d 34; Heckleman v. Yellow Cab Transit Co., (E.D.Ill.1942) 45 F.Supp. 984; Board of Directors of Crawford County Levee District v. Whiteside, (W.D.Ark. 1949) 87 F.Supp. 69; State of Colorado ex rel. Land Acquisition Comm. v. American Machine & Foundry Co., (D.Colo. 1956) 143 F.Supp. 703, 711; Barnes v. Parker, (W.D.Mo.1954) 126 F.Supp. 649; Gratz v. Murchison, (D.Del.1955) 130 F.Supp. 709; Universal Surety Co. v. Manhattan Fire & Marine Ins. Co., (D.S.D.1958) 157 F.Supp. 606.

It should be borne in mind that the nonremoving defendant, H. L. Langston, was served with summons the same day that the removing defendant, Fontenot, was served, and the petition for removal does not disclose any reason why Langston did not join therein.

In Wright v. Missouri Pac. R. Co., supra, the court, at page 36 of 98 F.2d, referred to the fact that the petition for removal contained "no allegation that the joint defendant Stacey Edwards had not been served with summons prior to the attempted removal. The petition gave no intimation to plaintiff that the other defendants were claiming to have the right on that ground to invoke federal jurisdiction without joining their joint co-defendant."

In Heckleman v. Yellow Cab Transit Co., supra, Judge Lindley, who was appointed United States Circuit Judge for the Seventh Circuit on October 24, 1949, stated at page 985 of 45 F.Supp.:

" 'Yellow' failed to disclose in its petition any reason why the other defendant had not joined. In Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34, 36, of three defendants only two joined in the petition. They omitted all excuses for not joining the third defendant. Because of this defect, the court held the record insufficient to sustain federal jurisdiction. So, here, there was no showing in either record or petition of any reason for not including 'Liberty.' As the court said in the Wright case: 'The petition gave no intimation to plaintiff that the other defendants were claiming to have the right on that ground (that the third defendant was not properly served) to invoke federal jurisdiction without joining their joint co-defendant.'

"In the language of Judge Van Devanter in Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544: 'The right of removal from a state to a Federal court, as is well understood, exists only in certain enumerated classes of cases. To the exercise of the right, therefore, it is essential that the case be shown to be within one of those classes; and this must be done by a verified petition setting forth, agreeably to the ordinary rules of pleading, the particular facts, not already appearing, out of

which the right arises. It is not enough to allege in terms that the case is removable or belongs to one of the enumerated classes, or otherwise to rest the right upon mere legal conclusions. As in other pleadings, there must be a statement of the facts relied upon, and not otherwise appearing, in order that the court may draw the proper conclusion from all the facts, and that, in the event of a removal, the opposing party may take issue, by a motion to remand, with what is alleged in the petition.'

"The petition to remove is fatally defective in that it failed to include any reason for not including 'Liberty' and the record discloses no such reason."

In Gratz v. Murchison, supra, the court at page 713 of 130 F.Supp. said:

"Moreover, the petition for removal by all the individual defendants failed to allege corporate-defendant Taylor had not been served. Such an allegation was necessary. Such an omission makes the petition for removal fatally defective. § 1446(a) prescribes 'a short and plain statement of the facts which entitle him or them to removal'. This requirement is a strict one. 'It is essential' for the removal for proper allegations of fact to be set forth within the terms of the statute. The complaint filed in the Delaware Court of Chancery shows corporate-defendant Taylor was a resident of Delaware. In attempting to remove without joining this defendant, it was necessary to allege the corporate-defendant had not been served. The petition for removal failed to show compliance with the conditions of the statute, § 1441(a) and (b). The precise point was decided in Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34. There, plaintiff brought action in a state court against three non-resident defendants. Two defendants removed the action to the federal court. The

petition failed to show why third defendant had not been joined in the petition for removal. Plaintiff's motion to remand was denied by the District Judge. On appeal, defendants attempted to sustain removal because third defendant had not been served with process at the time of removal. This argument was rejected."

■ As heretofore referred to, the plaintiffs have now filed a motion to remand, but even if the motion had not been filed, it is the duty of the court to remand the cause sua sponte. Barnes v. Parker, supra.

■ The defendants are not contending that they have a right at this date to amend the petition for removal so as to include the defendant, H. L. Langston, but in view of the contention of defendants hereinafter discussed, the words of Judge Lindley in the Heckleman case, 45 F.Supp. at page 985, seem to be appropriate:

"Nor may 'Yellow' now amend its petition to correct the defect. The petition and record are amendable to make clear essential averments or jurisdictional facts already shown. Southern Pacific Co. v. Stewart, 245 U.S. 359, 38 S.Ct. 130, 62 L.Ed. 345; Frazier v. Hines, D.C., 260 F. 874; Saldibar v. Heiland Research Corp., D.C., 32 F.Supp. 248; Hall v. Payne, D.C., 274 F. 237; Encyclopedia of Federal Procedure, Sec. 342. An amendment, however, can not be made after removal to the Federal Court, to supply necessary averments, where neither petition nor record shows sufficient grounds for removal (Town of Fairfax v. Ashbrook, D.C., 3 F.Supp. 345, 346; Santa Clara County v. Goldy Machine Co., C.C.N.D.Cal.1908, 159 F. 750; Dinet v. City of Delavan, C.C., 117 F. 978; Dalton v. Milwaukee Mechanics' Ins. Co., C.C., 118 F. 876; Encyclopedia of Federal Procedure, Sec. 342), or set up new grounds for removal. Town of Fairfax v. Ash-

brook, supra; Southern R. Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402. To allow the amendment would be to change the record. Dalton v. Milwaukee Mechanics' Ins. Co., supra; Crehore v. Ohio & M. Ry. Co., 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144; Santa Clara County v. Goldy Machine Co., supra." See, also, supplemental opinion of this court in Yarbrough v. Blake, (1963) 212 F.Supp. 133.

The defendants refer to 28 U.S.C. Sec. 1448, which provides that in all cases removed from any State court in which any one or more of the defendants has not been served with process, or that the process served proves to be defective, that such process of service may be completed or new process issued in the same manner as in cases originally filed in such district court; and particularly refer to the last sentence:

"This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

They then seem to argue that since this court might issue process for Langston, he would have the right to join in removal if such process were issued and served. Of course, a defendant who has not been served prior to the removal of a case from the State court and is later served by process issued from the federal court may, in a proper case, file petition for removal, but in the instant case the nonjoining defendant was served with process on the same date that the removing defendant was served. The defendants then argue that the nonremoving defendant did in fact enter his appearance by filing his original answer on August 1, 1962, and that the filing of such answer was tantamount to joining in the petition for removal. They cite in support of the contention the case of Stangard Dickerson Corp. v. United Elec. R. & M. W., (D.N.J.1940) 33 F.Supp. 449, in which the court, beginning at page 450, said:

"It is noted that only one defendant, Henry Heynick, filed the petition for removal in the state court. The remaining defendants filed their consents to join in that petition. It is claimed that it is necessary for all the defendants to actually join in the petition for removal and verification thereof, and that the consent to joinder as filed does not suffice. The only case cited in this connection is Chicago, Rock Island & Pacific Ry. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055, which holds that all defendants must join in the petition. That case throws no light on the procedure adopted in this case, and we have been unable to find illuminating authority on the point. It seems to us that the procedure utilized is a simple and effective means to adequately satisfy the requirement of the removal statute. The first objection that the petition for removal is defective is, therefore, overruled."

In the case of Peter Holding Co. v. Le Roy Foods, (D.N.J.1952) 107 F.Supp. 56, at page 57, one of the defendants did not file a petition for removal nor did it join with or consent to the petitions filed by the other defendants, and the court, in discussing the 1948 amendment to 28 U.S.C. Sec. 1446(b), said:

"Prior to the amendment of 1948, it was possible to remove a separable controversy to the District Courts of the United States. The new wording makes it clear that separable controversies are no longer removable. 'In other words, the fragment of a cause of action can no longer furnish a basis for removal; one of two or more causes of action may do so.' Moore's Commentary on the U.S. Judicial Code, Section 36 at page 238. Under the new wording, one of two or more defendants may remove the cause of action as to himself only if it is in fact a separate rather than a separable cause of action. The amendment has thus narrowed rather than broadened removal. This point was recently brought home in the case of Sequo-

yah Feed & Supply Co., Inc., v. Robinson, D.C.Ark.1951, 101 F.Supp. 680. See also Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., D.C. W.D.Mo.1949, 82 F.Supp. 635, 638; Board of Directors of Crawford County Levee Dist. v. Whiteside, D. C.Ark.1949, 87 F.Supp. 69, 71, 72; and Nelson v. Camp Mfg. Co., D.C. S.C.1942, 44 F.Supp. 554.

"Defendant cites the case of Stangard Dickerson Corp. v. United Electrical Radio & Machine Workers, etc., D.C.N.J.1940, 33 F.Supp. 449. It will be noted that this case interpreted the then pertinent section of the Judicial Code before the amendment. It was clearly pointed out at page 451 of 33 F.Supp. of that case that although each defendant did not file a petition for removal, they did file their consents to join in the petition. No such consent was filed by Dade Brothers, Inc., in the instant case. Nor can it be said that the fact that Dade Brothers, Inc., filed a protective answer and cross-claim in this court can be construed as a consent to joinder.

"Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period. Daugherty v. Western Union Telegraph Co., C.C. Ind.1894, 61 F. 138; Hurd v. Gere, C.C.N.Y.1899, 38 F. 537; and Lusk v. Lyon Metal Products, D.C.Mo. 1949, 9 F.R.D. 250."

In Sunbeam Corporation v. Brazin, (E.D.Ky.1956) 138 F.Supp. 723, the court held that a petition for removal filed after the expiration of the 20-day period is ineffectual to invoke jurisdiction of the federal court, and that the 20-day period may not be varied. "[I]n effect that its requirement is mandatory."

In Raymond's, Inc. v. New Amsterdam Cas. Co. (D.Mass.1956) 159 F.Supp. 212, Judge Wyzanski fully discussed the effect of the amendment of May 24, 1949, to Sec. 1446, and held that the 20-day period in which to file a petition for removal is mandatory. The court quotes the report of the Judiciary Committee of the House, and refers to the confusion that existed in the various decisions on the question as to whether the 20-day period was mandatory, and concludes that since the 1949 amendment the 20-day period is mandatory.

Lastly, the defendants contend that matters of form and technical defects and even a defective statement of jurisdictional grounds should be subject to amendment under Rule 15 and 28 U.S.C. Sec. 1653; and also waiver even after the statutory period for removal has elapsed inasmuch as the 20-day requirement may be waived by the plaintiff. This is not a case of "defective statement of jurisdictional grounds." It is simply a case of a defendant jointly charged with another of actionable negligence failing to join in the petition for removal within the time permitted by the statute, and who now contends that the fact that he filed his answer on August 1, 1962, should be construed as a waiver of his failure to join in the petition for removal.

The defendants have not been misled in any manner by any action on the part of the plaintiffs, and cannot be held to have a waiver of their right to a trial in the State court in the absence of a strict compliance by the defendants with the removal statutes.

It is doubtful whether the filing by the defendant Langston of his original answer on August 1, 1962, twenty-one days after service of the summons, could be construed as an adoption by him of the petition for removal filed by his co-defendant. The court does not believe that such practice should be condoned or approved, and certainly it should not be held that the filing of an answer by a non-removing joint defendant after the lapse of the 20-day period, and in the

absence of any action on the part of the plaintiffs to estop them from filing a motion to remand, or any facts that would make sua sponte action by the court unjust, is sufficient to give the court jurisdiction by reason of the removal by only one defendant.

The defendants further argue that since the amount involved exceeds $10,000, exclusive of interest and costs, that the defendants are citizens and residents of the State of Texas, and that the plaintiffs are citizens and residents of the State of Arkansas, it is a case of which the federal court has original jurisdiction. It is true that this court would have jurisdiction if the case had been commenced here originally or if properly removed, but the filing of the petition for removal by only one joint defendant did not vest this court with jurisdiction.

Therefore, an order is being entered today remanding the case to the Sebastian County Circuit Court, Greenwood District.